1  Alan Nakazawa, State Bar No. 84670
   alan.nakazawa@cnc-law.com
2  Dena S. Aghabeg, State Bar No. 185311
   daghabeg@cnc-law.com
3  COGSWELL NAKAZAWA & CHANG, LLP
   444 West Ocean Boulevard, Suite 1410
4  Long Beach, California  90802-8131
   Telephone (562) 951-8668
5  Facsimile: (562) 951-3933

6
   Attorneys for Plaintiffs
7  NIPPON YUSEN KAISHA and
   NYK LINE (NORTH AMERICA) INC.
8

9                    UNITED STATES DISTRICT COURT

10                 CENTRAL DISTRICT OF CALIFORNIA

11

12  NIPPON YUSEN KAISHA, also          )  CASE NO.:
    known as NYK LINE;  NYK LINE       )
13  (NORTH AMERICA) INC. as agent      )
    for NIPPON YUSEN KAISHA,           )  IN ADMIRALTY
14                                     )
                 Plaintiffs,           )
15                                     )  COMPLAINT FOR MONEY DUE
                                       )  UNDER OCEAN BILLS OF LADING
16           vs.                       )  AND TARIFFS, BREACH OF
                                       )  WRITTEN AND ORAL
17                                     )  CONTRACTS, FOR WORK AND
    STAUDT INTERNATIONAL               )  LABOR PERFORMED, FOR
18  SERVICES CORP.,                    )  ACCOUNT STATED, AND FOR
                                       )  OPEN BOOK ACCOUNT
19               Defendant.            )
                                       )
20  _____   )

21

22
            COME NOW, Plaintiffs NIPPON YUSEN KAISHA, also known as
23
    NYK LINE, and NYK LINE (NORTH AMERICA) INC., as agent for NIPPON
24
    YUSEN KAISHA, and as their Complaint and for their causes of action against
25
    STAUDT INTERNATIONAL SERVICES CORP., allege as follows:
26

27
    COMPLAINT FOR MONEY DUE UNDER OCEAN BILLS OF LADING AND
28   TARIFFS, BREACH OF WRITTEN AND ORAL CONTRACTS, FOR WORK
      AND LABOR PERFORMED, FOR ACCOUNT STATED, AND FOR OPEN
                           BOOK ACCOUNT

## JURISDICTION

1.     This is an admiralty action for ocean freight and other charges due under ocean bills of lading and an ocean carrier's tariffs.  This is a case of admiralty and maritime jurisdiction, as will more fully appear, and is an admiralty and maritime claim within the meaning of Rule 9(h), Federal Rules of Civil Procedure.  This Court also has jurisdiction pursuant to 28 U.S.C. Section 1333.

## PARTIES

2.     Venue is proper in this judicial district under 28. U.S.C. §1391(b)(1)& (2) because a substantial part of the events giving rise to the claim occurred in this judicial district and the defendant resides and/or is subject to the court's personal jurisdiction with respect to this civil action in this judicial district.

3.     Plaintiff NIPPON YUSEN KAISHA ("NIPPON YUSEN") is a company organized and existing under the laws of Japan and at all material times, was engaged in the business of carrying goods for hire on ocean-going vessels under bills of lading.

4.     Plaintiff NYK LINE (NORTH AMERICA) INC. ("NYK NORTH AMERICA") is a corporation organized and existing under the laws of Delaware and is, and at all material times was, the agent of NIPPON YUSEN.  NYK NORTH AMERICA and NIPPON YUSEN are hereinafter collectively referred to as "NYK."

5.     NYK is informed and believes, and thereupon alleges that Defendant STAUDT INTERNATIONAL SERVICES CORP. (hereinafter "STAUDT")  is a corporation organized and existing under the laws of California, with offices in Los Angeles, California.  Upon information and belief, STAUDT is, and at all material times was, engaged in business as a non vessel operating common carrier and freight forwarder, and is, and at all material times was, doing business within

COMPLAINT FOR MONEY DUE UNDER OCEAN BILLS OF LADING AND TARIFFS, BREACH OF WRITTEN AND ORAL CONTRACTS, FOR WORK AND LABOR PERFORMED, FOR ACCOUNT STATED, AND FOR OPEN BOOK ACCOUNT

this judicial district.

6.      NYK has filed a schedule of its rates and charges and service contracts for the carriage of cargo, wharfage, dockage, detention, demurrage and other charges with the Federal Maritime Commission or has otherwise maintained said rates, charges, tariffs or service contracts pursuant to the Shipping Act of 1984, as amended.  Pursuant to said Act, NYK is prohibited from transporting cargo for a lesser rate than that specified in its tariffs and service contracts.  The Act also prohibits STAUDT from obtaining transportation or attempting to obtain transportation of cargo at lesser rates.

**BACKGROUND**

7.      During 2008, 2009 and 2010, STAUDT, as the shipper, booked cargo for shipment with NYK for ocean carriage from Los Angeles to El Salvador, Peru, Costa Rica and Nicaragua.

8.      During the said period of time, NIPPON YUSEN received the cargo from and at the request of STAUDT, and carried the cargo on ocean-going vessels from Los Angeles to the requested destinations pursuant to the terms and conditions of certain bills of lading issued by NIPPON YUSEN, and applicable tariffs, and in consideration of freight and other charges.

9.      NYK invoiced STAUDT for the freight and other charges relating to the carriage.

10.     Within the last four years, STAUDT acknowledged in writing its debt to NYK and agreed to pay the debt to NYK.  Within the last four years,  STAUDT has also made part payments towards the larger debt owed NYK.

11.     There is presently ocean freight and other charges in the amount of $32,219.78, due and owing from STAUDT to NYK.

12.     STAUDT has failed to pay the outstanding freight and other charges

COMPLAINT FOR MONEY DUE UNDER OCEAN BILLS OF LADING AND TARIFFS, BREACH OF WRITTEN AND ORAL CONTRACTS, FOR WORK AND LABOR PERFORMED, FOR ACCOUNT STATED, AND FOR OPEN BOOK ACCOUNT

despite demands for payment sent by NYK to STAUDT.

13.    At all material times, STAUDT was the entity for whose account the transportation services were provided, and the entity responsible for payment of freight, and other charges relating to the cargo.

**FIRST CAUSE OF ACTION**

(Breach of Written Contracts)

14.    NYK refers to and incorporates by reference as though set forth herein at length its allegations in paragraphs 1 thru 13 hereinabove.

15.    In 2008, 2009 and 2010, NIPPON YUSEN carried the aforesaid cargo for STAUDT by ocean-going vessels from Los Angeles to El Salvador, Peru, Costa Rica and Nicaragua pursuant to the terms and conditions of certain bills of lading issued by NIPPON YUSEN.  NIPPON YUSEN fully performed all of its obligations under the bills of lading and carried to and delivered the cargo at the requested places of delivery.

16.    Under the terms of the bills of lading, STAUDT, as the shipper of the cargo and the "Merchant" as defined in the bills of lading, agreed and otherwise became obligated to pay freight and other charges relating to the transportation, storage and handling of the cargo.

17.    STAUDT has acknowledged in writing its debt to NYK and has also agreed in writing to pay the debt to NYK.  Further, STAUDT made part payments toward the larger debt owed NYK.

18.    STAUDT has failed to pay NYK the outstanding freight and other charges relating to the cargo despite demands for payment by NYK.

19.    As a proximate and direct result of STAUDT's breach of the bills of lading, invoices and/or other agreements relating to the carriage of the cargo and the payment of the debt owed NYK, NYK has sustained damages in the amount of

COMPLAINT FOR MONEY DUE UNDER OCEAN BILLS OF LADING AND TARIFFS, BREACH OF WRITTEN AND ORAL CONTRACTS, FOR WORK AND LABOR PERFORMED, FOR ACCOUNT STATED, AND FOR OPEN BOOK ACCOUNT

$32,219.78.

20.     As a proximate and direct result of STAUDT's breach of the bills of lading and/or any other agreements relating to the carriage of the cargo and the payment of the debt owed NYK, NYK has also incurred and continues to incur attorneys' fees, costs and other expenses to collect the outstanding amounts due from STAUDT.  Under the terms of the bills of lading and the said agreements, NYK is entitled to recover its court costs, expenses and attorneys' fees incurred in collecting the sums due from STAUDT.

### SECOND CAUSE OF ACTION

(For Breach of Oral Contracts)

21.     NYK refers to and incorporates by reference as though set forth herein at length its allegations in paragraphs 1 thru 20 hereinabove.

22.     For good and valuable consideration, STAUDT promised and agreed to pay NYK the unpaid freight charges owed NYK.  STAUDT also made part payments toward the larger debt owed NYK.

23.     STAUDT has failed to pay the unpaid balance of freight charges owed NYK in breach of its oral promises and agreements to pay NYK the outstanding balance of freight charges.

24.     As a proximate and direct result of STAUDT's breach of its oral promises and agreements, NYK has sustained damages in the amount of $32,219.78.

### THIRD CAUSE OF ACTION

(Money Due Under Marine Tariff)

25.     NYK refers to and incorporates by reference as though set forth herein at length its allegations in paragraphs 1 thru 24 hereinabove.

26.     NIPPON YUSEN transported the aforesaid cargo from Los Angeles

COMPLAINT FOR MONEY DUE UNDER OCEAN BILLS OF LADING AND TARIFFS, BREACH OF WRITTEN AND ORAL CONTRACTS, FOR WORK AND LABOR PERFORMED, FOR ACCOUNT STATED, AND FOR OPEN BOOK ACCOUNT

to El Salvador, Peru, Costa Rica and Nicaragua at the request of STAUDT, subject to the rates and charges in its tariffs and service contracts on file with the Federal Maritime Commission.

27.     Despite demands for payment, tariff compensation is due, owing, and unpaid to NYK from STAUDT in the amount of $32,219.78.  Additional charges continue to accrue in accordance with the terms of the said tariffs, together with attorneys' fees, costs, and expenses incurred in collecting said charges.

## FOURTH CAUSE OF ACTION

### (For Goods, Services, and Work and Labor Performed)

28.     NYK refers to and incorporates by reference as though set forth herein at length its allegations in paragraphs 1 thru 27 hereinabove.

29.     In 2008, 2009 and 2010, STAUDT became indebted to NYK for services and work and labor performed by NYK at the request and benefit of STAUDT, for which STAUDT agreed to pay NYK.

30.     Within the last four years, STAUDT acknowledged in writing its debt to NYK, promised and agreed to pay the debt to NYK, and also made part payments toward the larger debt owed NYK.

31.     Despite due demand, STAUDT owes NYK the amount of $32,219.78 for services and work and labor performed.

## FIFTH CAUSE OF ACTION

### (For Account Stated)

32.     NYK refers to and incorporates by reference as though set forth herein at length its allegations in paragraphs 1 thru 31 hereinabove.

33.     Commencing in 2008 and continuing through today, an account was stated in writing by and between NYK and STAUDT wherein it was agreed that STAUDT was indebted to NYK in the principal sum of $32,219.78.

COMPLAINT FOR MONEY DUE UNDER OCEAN BILLS OF LADING AND TARIFFS, BREACH OF WRITTEN AND ORAL CONTRACTS, FOR WORK AND LABOR PERFORMED, FOR ACCOUNT STATED, AND FOR OPEN BOOK ACCOUNT

1    34.    Despite due demand, the sum of $32,219.78 is due, owing and unpaid

2  from STAUDT to NYK on said account stated.

3                          **SIXTH CAUSE OF ACTION**

4                          (For Open Book Account)

5    35.    NYK refers to and incorporates by reference as though set forth

6  herein at length its allegations in paragraphs 1 thru 34 hereinabove.

7    36.    Commencing in 2008 and continuing through today, STAUDT

8  became indebted to NYK on an open book account for services rendered by NYK

9  for the benefit of STAUDT, at the specific request of STAUDT, which STAUDT

10  agreed to pay.

11    37.    Despite due demand, the sum of $32,219.78 is now due, owing and

12  unpaid from STAUDT to NYK on said open book account.

13  //

14  //

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR MONEY DUE UNDER OCEAN BILLS OF LADING AND
TARIFFS, BREACH OF WRITTEN AND ORAL CONTRACTS, FOR WORK
AND LABOR PERFORMED, FOR ACCOUNT STATED, AND FOR OPEN
BOOK ACCOUNT

**PRAYER**

WHEREFORE, Plaintiff NYK prays as follows:

1.      That process in due form of law according to the practice of this Court may be issued against Defendant STAUDT and that said Defendant be cited to appear and answer the allegations herein;

2.      That judgment be entered in favor of NYK and against STAUDT in the principal amount of $32,219.78.

3.      That the Court award NYK reasonable attorneys' fees and costs and expenses incurred in collecting the unpaid amounts from STAUDT;

4.      That the Court award costs of suit;

5.      That the Court award interest on all of the above; and

6.      That this Court award such other and further relief it deems just and proper.


Dated: April 6, 2015          COGSWELL NAKAZAWA & CHANG, LLP


                              By:    _____
                                     Alan Nakazawa
                                     Attorneys for Plaintiffs
                                     NIPPON YUSEN KAISHA and
                                     NYK LINE (NORTH AMERICA) INC.

COMPLAINT FOR MONEY DUE UNDER OCEAN BILLS OF LADING AND TARIFFS, BREACH OF WRITTEN AND ORAL CONTRACTS, FOR WORK AND LABOR PERFORMED, FOR ACCOUNT STATED, AND FOR OPEN BOOK ACCOUNT